JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLD COAST APTS, LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>JANE DOE, *et al.*,<br><br>                Defendants. | Case No. 2:25-cv-03169-FLA (MARx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

On October 16, 2024, Plaintiff Gold Coast Apts, LLC ("Plaintiff") brought an action for unlawful detainer in the Los Angeles County Superior Court against Defendant Jane Doe ("Defendant"). Dkt. 1 at 8.[1] On April 8, 2025, the Honorable Elaine W. Mandel issued an order denying Defendant's Motion for Reconsideration of the state court's denial of Defendant's Motion to Dismiss the Complaint. *Id.* at 41. On April 10, 2025, Defendant filed a Notice of Removal, purportedly removing the action to this court, under the pseudonym Jane Doe. *Id.* at 1.[2]

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The removing defendant bears the burden of establishing federal jurisdiction. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682 (9th Cir. 2006). Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and … the district court must remand if it lacks jurisdiction." *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citation omitted).

A review of the Notice of Removal and the state court Complaint demonstrates the court lacks jurisdiction over the action. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required."

---

[1] The court cites documents by the page numbers added by the CM/ECF system rather than any page numbers listed on the documents natively.

[2] The court notes that in the state court Complaint Defendant is identified as "Randi Pollock." Dkt. 1 at 8.

2

1  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (footnotes omitted).  Here,
2  federal-question jurisdiction is lacking because the Complaint does not state a claim
3  "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C.
4  § 1331.  "Because landlord-tenant disputes are matters of state law, an action for
5  eviction cannot be the basis for federal question jurisdiction."  *Round Valley Indian*
6  *Hous. Auth. v. Hunter*, 907 F. Supp. 1343, 1348 (N.D. Cal. 1995) (citing *Powers v.*
7  *United States Postal Service*, 671 F.2d 1041, 1045 (7th Cir. 1982) ("[F]ederal
8  common law of landlord and tenant does not exist.")); *see also Morongo Band of*
9  *Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1385–86 (9th Cir.
10 1988) ("Breach of lease is a cause of action under state, not federal, law.");
11 *Muhammad v. N. Richmond Senior Hous., Inc.*, Case No. 3:15-cv-00629-WHO, 2015
12 WL 1154209, at *2 (N.D. Cal. Mar. 13, 2015) ("California federal courts have
13 repeatedly held that unlawful detainer cases brought under California's unlawful
14 detainer statute do not raise federal questions.").

15      Defendant argues removal is appropriate under 28 U.S.C. § 1443(1)
16 ("§ 1443(1)") because proceeding in state court would violate her civil rights.  *See*
17 Dkt. 1 at 4.  "A petition for removal under § 1443(1) must satisfy the two-part test
18 articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788–92 (1966)
19 and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824–28 (1966)."  *Patel v. Del*
20 *Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006) (cleaned up), *abrogated on other*
21 *grounds by BP P.L.C. v. Mayor & City Council of Balt.*, 593 U.S. 230 (2021).  "First,
22 the petitioners must assert, as a defense to the prosecution, rights that are given to
23 them by explicit statutory enactment protecting equal racial civil rights.  Second,
24 petitioners must assert that the state courts will not enforce that right, and that
25 allegation must be supported by reference to a state statute or a constitutional
26 provision that purports to command the state courts to ignore the federal rights."  *Id.* at
27 999 (quotation marks and citations omitted).
28 / / /

    Defendant does not allege any civil rights violations that were rights given to her "by explicit statutory enactment protecting equal racial civil rights." *See id.* Nor does Defendant identify any "formal expression of state law that prohibits [her] from enforcing [her] civil rights in state court nor [does she] point to anything that suggests that the state court would not enforce [her] civil rights in the state court proceedings." *See id.* Therefore, removal under § 1443(1) was improper. *See Liu v. Tan*, Case No. 3:18-cv-00054-JSC, 2018 WL 1371252, at *3 (N.D. Cal. Feb. 26, 2018) (recommending unlawful detainer action—removed pursuant to § 1443(1)—be remanded); *Capital One, N.A. v. Fareed-Sepehry-Fard*, Case No. 5:17-cv-07241-BLF, 2018 WL 4781441, at *3 (N.D. Cal. Feb. 7, 2018) (remanding unlawful detainer action removed pursuant to § 1443(1)).

    Accordingly, the court REMANDS the action to the Los Angeles County Superior Court, Case No. 24SMCV05155. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

    IT IS SO ORDERED.

Dated: April 18, 2025

                                   FERNANDO L. AENLLE-ROCHA
                                   United States District Judge